UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LARRY M. STOVALL,

    Plaintiff,        Case No. 2:22-cv-163

v.                Honorable Maarten Vermaat

JEREMY BUSH et al.,

    Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as duplicative and, therefore, malicious.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues MBP personnel, including the following: Warden Erica Huss; Deputy Warden Doug Tasson; Assistant Deputy Warden Unknown Hoult; Prisoner Counselor Unknown Moyle; Resident Unit Managers Peggy Erickson

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

and Mike Laitinen; and Correctional Officers Unknown Kent and Unknown Anderson. Additionally, Plaintiff sues MDOC CFA Deputy Director Jeremy Bush.

Plaintiff alleges that Defendants failed to implement and administer, or refused to follow, COVID-19 mitigation protocols. As a result, Plaintiff has contracted the COVID-19 virus more than one time.

Plaintiff focuses first on the circumstances he faced at MBP when he was transferred there on September 14, 2020. (ECF No. 1, PageID.3.) Plaintiff posits that Defendants placed him in "C unit" knowing that it posed a serious health risk to Plaintiff because of black mold, and knowing that it would expose him to the deadly COVID-19 virus. (*Id*., PageID.4.) Plaintiff claims that Defendants allowed prisoners who had tested positive for COVID-19 and prisoners who were not positive to remain together in Plaintiff's unit. (*Id*., PageID.5.) Plaintiff claims that Defendants refused to transfer him out to a safer quarantine facility, refused to let him shower, and refused to provide him cell cleaning materials. (*Id*., PageID.4–5.)

Plaintiff alleges that Defendants again unnecessarily exposed him to the virus during January of 2021. (*Id*., PageID.7–9.) And they exposed him again during January of 2022. (*Id*., PageID.10–11.)

Plaintiff claims that Defendants actions violated his Eighth Amendment rights. Plaintiff seeks tens of thousands of dollars in compensatory and punitive damages.

This is not the first time that Plaintiff has raised some of these claims. In *Witherspoon et al. v. Binner et al.* (*Binner*), No. 2:21-cv-40 (W.D. Mich.), Plaintiff joined 11 other prisoners in suing MBP employees, including Defendant Huss. In *Binner*, Plaintiff alleges that Defendants placed him in "C-Unit," and that the unit posed health risks because of, among other things, black mold. *Binner*, (Am. Compl., ECF No. 37, PageID.270.) Plaintiff also alleges that inmates began

4

to test positive but they were left in C-Unit with prisoners who were not positive. *Binner*, (*Id*.) Further, Plaintiff alleges that he eventually tested positive for the COVID-19 virus. In *Binner*, however, the alleged misconduct is not offered as the foundation for an Eighth Amendment claim; instead, it is offered as the "adverse action" prompted by retaliatory animus arising from Plaintiff's filing of grievances, an activity protected by the First Amendment. *Binner*, (*Id*., PageID.287 ("Plaintiffs allege that Defendants conspired to retaliate and/or punish them for alleged and unproven misconduct at Nebbish Unit at URT and for filing grievances both orally and written seeking to address prison conditions, including but not limited to lack of medical attention, lack of showers to decontaminate, refusal to ventilate and/or provide breathable air, refusal to accommodate temporary move for medical/health reasons, removal of telephone calls/J-Pay privileges, all for no legitimate reason.").)

And *Binner* is not the first time Plaintiff raised many of the same "adverse actions" in a § 1983 suit in this Court. In *Stovall v. Horrocks* (*Horrocks*), No. 2:20-cv-236 (W.D. Mich.), Plaintiff sued a prisoner counselor and two corrections officers for refusing him showers and cleaning supplies during the same time period for the same retaliatory reasons. *Horrocks*, (Compl., ECF No. 1.) Plaintiff filed another suit because of lack of medical attention during the same time frame covered by *Binner* and the instant complaint. Specifically, in *Stovall v. Foster* (*Foster*), No. 2:21-cv-98 (W.D. Mich.), Plaintiff sued a number of health care providers for failing to provide healthcare services during September, October, and November of 2020. *Foster*, (Compl., ECF No. 1.) Plaintiff settled *Horrocks* before he filed the instant complaint. He settled *Foster* immediately after he filed the instant complaint.

Plaintiff has sliced and diced the circumstances that befell him during the fall of 2020 into so many different suits and claims that he can divide them no further without overlap and duplication.

## II. Duplicative Complaints

Because the instant complaint repeats many factual allegations and, apparently, claims that Plaintiff has previously raised in the federal courts, the Court must determine whether the complaint is frivolous or malicious. Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

Moreover, prisoners who bring civil actions *in forma pauperis* face additional constraints due to statutory barriers when bringing duplicative claims. *See, e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam) ("[T]he court's power of dismissal in IFP cases under section 1915(d)[2] is broader than in other civil cases under the Federal Rules of Civil Procedure.").

---

[2] Prior to April 26, 1996, the provisions in § 1915(e)(2) were set forth at 28 U.S.C. § 1915(d).

6

The PLRA commands that district courts "shall review . . . as soon as practicable . . . a complaint in which a prisoner seeks redress from a governmental entity or officer" and dismiss it if it "is frivolous, malicious, or fails to state a claim . . . ." 28 U.S.C. § 1915A.

The Sixth Circuit has not provided clear guidance as to the meaning of "malicious" in § 1915A(b)(1) or its analogues in § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(2).[3] However, the Eleventh Circuit recently joined all other circuits that have confronted the question to conclude that a "duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious" for prisoners suing governmental entities and those proceeding *in forma pauperis*. *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *accord Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) ("[A] complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims . . . ."); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(d) as malicious." (alteration in original)); *Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir. 1992) (confirming rule under former § 1915(d) that a district court may dismiss duplicative complaints as malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that dismissal without prejudice of an action under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims," serves Congress' goal of limiting plaintiffs from filing "frivolous, malicious, or repetitive lawsuits" (citations omitted)); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("[R]epetitious

---

[3] 28 U.S.C. § 1915A requires a court to screen prisoners complaints seeking redress from a governmental entity or officer. Section 1915(e) requires that a court dismiss an action, in whole or in part if it is malicious, where a plaintiff is proceeding *in forma pauperis*. In a related statute, 42 U.S.C. § 1997e(c) requires that a court dismiss an action, in whole or in part if it is malicious, where a prisoner challenges prison conditions under federal law. Frequently, a prisoner who brings a civil rights case is subject to all three.

7

litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks omitted, first alteration in original)); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (explaining that a complaint brought by a pauper "that merely repeats pending or previously litigated claims" is abusive and "[a] complaint plainly abusive of the judicial process is properly typed malicious"); *see also Hurst v. Counselman*, 436 F. App'x 58, 60–61 (3d Cir. 2011) (concluding that the plaintiff's duplicative action evinced an attempt to vex, injure or harass a defendant and was therefore properly dismissed as malicious); *Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (affirming dismissal of a complaint as frivolous and malicious because it "substantially mirror[ed] the prior complaint"); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (concluding "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit" filed by the same plaintiff); *Van Meter v. Morgan*, 518 F.2d 366, 367 (8th Cir. 1975) (affirming the dismissal of a complaint as frivolous where the plaintiff proceeding with pauper status already had filed similar complaints, one of which was currently pending and "deal[t] with issues directly related, if not identical, to these herein").

Therefore, this Court concurs with the uniform practices of the seven circuits that have confronted the issue: a complaint challenging prison conditions under federal law brought by a prisoner proceeding *in forma pauperis* that repeats pending or previously litigated claims is properly dismissed without prejudice as malicious under the PLRA. Yet, several circuits have further indicated that a complaint need only be *substantially* similar to previous or pending claims for a court to dismiss as malicious. *See, e.g.*, *Davis*, 234 F. App'x at 874; *Van Meter*, 518 F.2d at 367. For example, notwithstanding permissive joinder under Rule 20(a)(2) of the Federal Rules of Civil Procedure, the Fifth Circuit permits dismissals for malice where a plaintiff brings a subsequent complaint against new defendants with claims arising out of the same transaction or

8

occurrence as an earlier complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1020, 1021 (affirming the district court's dismissal as malicious of an action alleging similar facts as an earlier action but against a new defendant). Clearly, even some partially duplicative complaints may abuse the judicial process, particularly where a court concludes that the plaintiff intends to vex, injure or harass a defendant.

Dismissing as malicious substantially duplicative or similar complaints serves multiple purposes. First, the practice conserves judicial resources. Conservation of judicial resources permits courts to identify and resolve other pending matters with urgency including, for example, legitimate claims brought by prisoners who are in imminent danger. Indeed, Congress created the PLRA to address "the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Dismissals of subsequent but substantially similar complaints as malicious therefore aid judicial economy. *Cf. Kerotest Mfg. Co.*, 342 U.S. at 183.

Second, it limits a vexatious litigant from filing lawsuits with similar factual allegations and claims against the same or overlapping defendants. The PLRA extends a federal court's inherent power to dismiss as frivolous a duplicative complaint, *see e.g.*, *Colo. River Water Conservation Dist.*, 424 U.S. at 817, because it permits a federal court to dismiss as malicious a substantially duplicative complaint, *see Davis*, 234 F. App'x at 874; *Pittman*, 980 F.2d at 995. Substantially duplicative complaints, when filed without good cause, abuse the judicial process and may subject defendants to "the vexation of concurrent litigation over the same subject matter." *Adam*, 950 F.2d at 93.

An example illustrates this point. A prisoner-plaintiff proceeding with pauper status may bring, for example, Claims A, B, and C against a defendant in the first complaint. Suppose that only Claim A survives preliminary screening under 28 U.S.C. § 1915A, and the plaintiff therefore avoids a strike under 28 U.S.C. § 1915(g). While the first action remains pending, the plaintiff may then file a new action with a complaint alleging Claims A, D, and E against the same defendant; and a third action with a complaint alleging Claims A, F, and G against the original defendant. Notwithstanding differences between the complaints, the presence of Claim A would permit all three actions to proceed beyond the preliminary screening required by the PLRA even if only Claim A survived in each. The original defendant would face three separate actions.

Furthermore, absent the ability to dismiss without prejudice substantially similar complaints as malicious, a prisoner-plaintiff may circumvent the three-strikes provision of 28 U.S.C. § 1915(g). Whether inadvertent or deliberate, a plaintiff could be shielded from receiving strikes by appending any new claims he desires to bring and reasserting a previous claim that alleged facts sufficient to state a claim. Such a result would undermine Congress' objectives with the PLRA "to put in place economic incentives that would prompt prisoners to" proceed prudently. *See Hampton*, 106 F.3d at 1286.

Finally, a dismissal without prejudice of a substantially similar complaint would ensure that the plaintiff does not suffer gratuitous harm. *Cf. Strandlund v. Hawley*, 532 F.3d 741, 745–46 (8th Cir. 2008) (interpreting "gratuitous harm" in the context of remedying misjoinder). The plaintiff would remain able to refile a new complaint after eliminating the duplicative claims.

For all of the foregoing reasons, this Court concludes that partially duplicative complaints aimed at vexing, injuring or harassing defendants, and that therefore abuse the judicial process, should be dismissed without prejudice as malicious pursuant to the PLRA.

At least with regard to the events at MBP during the fall of 2020, Plaintiff has alleged the same facts multiple times. The denial of showers and cleaning supplies that allegedly constituted "adverse action" in *Horrocks* is the same denial of showers and cleaning supplies that allegedly constitutes "adverse action" in *Binner* and the same denial of showers and cleaning supplies that allegedly violates Plaintiff's Eighth Amendment rights in this case. The failure to provide medical care in violation of the Eighth Amendment in *Foster* is the same failure to provide medical care in violation of the First Amendment in *Binner* and the same failure to provide medical care in violation of the Eighth Amendment in this case. Every "adverse action" alleged in *Binner* is an Eighth Amendment violation in this case. Only Defendant Huss is named in both actions, but the "wrongs" are the same.

The Court concludes that Plaintiff's Eighth Amendment allegations in this case—at least with regard to the events of September and October of 2020—sufficiently duplicate the "adverse actions" alleged in support of the First Amendment claim in *Binner*, such that Plaintiff's instant complaint is duplicative and malicious.[4] The Court will dismiss the complaint on that ground. The dismissal is without prejudice to Plaintiff's first-filed claims in *Binner* and without prejudice to Plaintiff filing a new complaint raising any non-duplicative claims.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as duplicative and malicious, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C.

---

[4] The fact that Plaintiff adds nonduplicative claims relating to additional exposures to the COVID-19 virus during January of 2021 and January of 2022 does not remediate his inclusion of the duplicative allegations.

11

§ 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  March 10, 2023                                        /s/ *Maarten Vermaat*
                                                      Maarten Vermaat
                                                      United States Magistrate Judge